■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROY HARRY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Egitto, J.), rendered June 8, 1990, convicting him of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the facts, the indictment is dismissed, and the matter is remitted to the Supreme Court, Kings County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

The defendant was acquitted of intentional murder and felony murder for his alleged participation in a robbery and homicide with a shotgun during a robbery of a McDonald's restaurant in Brooklyn on June 5, 1987. However, the jury convicted the defendant of criminal possession of a weapon in

the second degree and criminal possession of a weapon in the third degree.

At the trial, of the witnesses connecting the defendant to the robbery and homicide, one was an admitted accomplice who had been convicted of two unrelated offenses since his alleged participation in the instant robbery, and the other was a friend of the defendant, who, at the time of the trial, was incarcerated for his participation in an armed robbery of another McDonald's restaurant in Westchester County. The only testimony concerning the defendant's alleged possession of a weapon, which was extremely brief, came from the alleged accomplice.

The complaining witness who testified at the trial could not identify the defendant as the individual who accosted him, and the description that witness gave of the perpetrator did not match the defendant's description. Moreover, a detective who testified on behalf of the People indicated that an individual closely matching the description of the assailant given by the complaining witness was apprehended shortly after the crime. Shotgun shells were found in that individual's car, which matched the description of the car used by the perpetrators of the instant crime. The arrest report for that individual indicated that he had planned the instant crime.

After considering the conflicting evidence presented at the trial, and the credibility of the testimony linking the defendant with the possession of a weapon, we find that the defendant's conviction on the weapon charges is against the weight of the credible evidence (see, CPL 470.15 [5]).

In light of our determination, we need not reach the defendant's remaining contentions. Thompson, J. P., Bracken, Harwood and Miller, JJ., concur.